IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0354 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS SUCCESSIVE PETITION**

Petitioner BARRY DWAYNE MINNFEE, a state inmate confined at the Connally Unit, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends petitioner's application be DISMISSED.

I.
SUCCESSIVE PETITION,
DISCHARGED SENTENCE
and SANCTION

By the instant federal habeas corpus application, petitioner challenges his January 28, 2002 conviction for the offense of aggravated assault, and the resultant 2-year sentence, out of the 251st Judicial District Court of Potter County, Texas. *See State v. Minnfee*, Cause No. 44,428-C. Petitioner has challenged his aggravated assault conviction and 2-year sentence in two previous

federal habeas corpus applications filed in this Court. The first, filed October 31, 2002, was denied on October 14, 2004. *Minnfee v. Dretke*, No. 2:02-CV-0310. The second, filed June 14, 2004, was dismissed March 7, 2005 as successive. *Minnfee v. Dretke*, No. 2:04-CV-0147. This Court also assessed a monetary sanction of $50.00 against petitioner, and ordered that petitioner would not be allowed to proceed with any litigation in this Court until such sanction has been paid. As of this date, the sanction has not been paid.

Once again, petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions. Petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this, his third, federal habeas corpus application challenging his 2002 conviction for aggravated assault. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief.

The undersigned also notes this case was filed in the United States District Court for the Western District of Texas, San Antonio Division, and then transferred to this Court. The filing of the instant habeas petition is in violation of the sanction previously-assessed against petitioner in Cause No. 2:04-CV-0147 prohibiting petitioner from proceeding with any litigation in this Court until monetary sanctions against him have been paid.

Further, it appears petitioner is attempting to challenge his 2002 aggravated assault conviction and the resulting 2-year sentence. TDCJ-CID's online "Offender Information Detail" indicate petitioner is currently serving only a life sentence for a 2005 aggravated robbery conviction. Consequently, petitioner does not meet, and did not at the time he submitted his petition for filing,

the custody requirement on this conviction and sentence necessary for federal habeas relief and, therefore, said petition is moot under the continuing case and controversy requirement.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the application writ of habeas corpus filed by petitioner BARRY DWAYNE MINNFEE be DISMISSED for lack of subject matter jurisdiction. Alternatively, it is the RECOMMENDATION of the undersigned that petitioner's application be unfiled as being in violation of this Court's previously assessed sanction.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___26th___ day of December 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the

signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).